Filed 8/29/24  P. v. Carranza CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiffs and Respondent,<br><br>v.<br><br>JAIME GRIEGO CARRANZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B334435<br>(Super. Ct. No. CR16324)<br>(Ventura County) |

Jaime Griego Carranza appeals the trial court's post-judgment order striking his Penal Code section 667.5 (b)[1] enhancements and resentencing him under section 1172.75.  We appointed counsel to represent appellant.  After an examination of the record, counsel filed an opening brief raising no issues and requested we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed two

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code

supplemental briefs, in propria persona, raising no issues of merit. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1981, appellant was convicted by jury of murder (§ 187, subd. (a)) and assault with intent to murder (former § 217, § 245, subd. (a)(1)). The jury found true appellant had used a deadly weapon in the commission of these offenses. (§ 12022, subd. (b).) He was also found to have three prior prison terms. (§ 667.5, subd. (b).) The court sentenced him to state prison for an indeterminate term of 15 years to life for the murder and a consecutive determinate term of four years for the assault. This sentence was enhanced by two years for the weapon use in each crime and three years for the prior prison terms.

Following the passage of Senate Bill 483, which eliminated enhancements for prior prison terms, appellant's case was referred to the sentencing court by the Department of Corrections and Rehabilitation. Appellant filed a statement in mitigation asking the court to strike all the enhancements and run the determinate term concurrent. The statement cited appellant's childhood trauma, mental health issues, and participation in prison rehabilitative programs.

The prosecution filed an opposition arguing appellant was not entitled to re-sentencing because as determinate terms, his sentence on the enhancements was served prior to the start of his indeterminate term. The prosecution also argued that even if appellant was eligible for re-sentencing, he should not be re-sentenced because of the violent nature of the offense, his prior criminal history, and his continued violence in prison.

Following a hearing, the court struck the prior prison term enhancements but declined to strike the weapon enhancements

or run the determinate term concurrent. It re-sentenced appellant to 15 years to life on the murder charge, two years for the weapon enhancements, and a consecutive four-year sentence for the assault conviction. Appellant filed a timely Notice of Appeal.

## DISCUSSION

Appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed. 2d 493], because he appeals an order dealing with postconviction relief rather than his underlying criminal conviction. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) He is nevertheless entitled to our consideration of the contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

Appellant's supplemental briefs lack any formal legal arguments and appears to be an attempt to appeal his 1981 conviction. He asserts his innocence, claims he acted in self-defense, and says his victim stabbed himself. He claims the trial prosecutor threatened, violated, and scared witnesses out of testifying on his behalf, then used the same tactics to induce other witnesses to lie and testify against him. He laments not having testified in his own defense. He states parole has been denied because of his skin color. He makes numerous other claims but fails to articulate a legal basis for reversing or remanding the resentencing order.

3

Section 1172.75 authorizes the resentencing trial court to "consider postconviction factors, including . . . the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence [reflecting] whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that . . . circumstances have changed . . . so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).) Here, the trial court exercised its discretion and struck the prior prison term enhancements, reducing appellant's sentence by three years. It considered postconviction factors in finding appellant is still "a very high risk of danger to the public," with "an extensive criminal history . . . including committing crimes while he's incarcerated as late as 2018." Our independent review of the record found no arguable issue. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The trial court's post-judgment resentencing order is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.          BALTODANO, J.

4

Honorable Maureen Houska, Judge
Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.